# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3276

_____

United States of America,    *
                             *
    Plaintiff - Appellee,    *
                             *    Appeal from the United States
    v.                       *    District Court for the Eastern
                             *    District of Arkansas.
Frederick Stacey,            *
                             *
    Defendant - Appellant.   *

_____

Submitted: May 14, 2008
    Filed: July 2, 2008

_____

Before LOKEN, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Frederick Stacey appeals the district court's 71-month sentence following his plea of guilty to being a felon in possession of a firearm. We reverse.

I

In December 2005, Stacey assaulted and threatened his girlfriend with a firearm. Police attempted to apprehend him and he fled in a vehicle. The ensuing chase ended when Stacey collided with another vehicle. A search of Stacey's vehicle uncovered a handgun.

Stacey entered a plea of guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court calculated a base-offense level of 14 and applied a four-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6) for possessing a weapon in connection with another felony offense, and a two-level enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious injury during his flight from police. The district court reduced the adjusted-base-offense level of 20 by two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of 18 and a sentencing range 57-71 months. The district court denied the government's motion for an upward departure based on an understated criminal history score, and its motion for an additional one-level reduction for acceptance of responsibility under § 3E1.1(b).

In connection with the upward departure motion, the district court asked defense counsel to respond, and, as relevant to this appeal, counsel noted: "I don't think the government has moved for that third point." The district court denied the departure motion, stating:

> I certainly agree with a lot of the points that were made in that memorandum. But when I consider all the circumstances here and the fact that the third point is not being given, I'm going to sentence at the high end of the guideline range, because I think it does adequately address all of the factors that I am to consider.

After denying the government's motions, the district court imposed a 71-month sentence and asked if defense counsel had "[a]ny objection to the form of the sentence?" Defense counsel requested the court state for the record why the additional one-level reduction under § 3E1.1(b) was not being given. In response, the government's attorney belatedly moved for the additional reduction, stating: "I thought when the Court said it had not been moved, I thought you meant taken into account. So I have no objection to that third point . . . ."

The district court denied the motion, stating:

Well, I mean, I'm going to leave my sentence the way it is. I think that's the appropriate sentence. I'm not going to give the third point. I am going to sentence at the high end of the range. It was my understanding that there was not going to be a motion, partly because of the fleeing and the other matter.

On appeal, Stacey argues the district court erred in refusing to grant the government's motion for the additional one-level reduction.

II

We review the application of the sentencing guidelines de novo and the district court's factual findings for clear error. United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002).

A defendant is entitled to a two-level reduction in offense level if he "clearly demonstrates acceptance of responsibility for [the] offense," U.S.S.G. § 3E1.1(a), and to a third level if the government moves for and states the defendant has assisted in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to plead guilty, "thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently," U.S.S.G. § 3E1.1(b). When determining if a third level of reduction is warranted, the court's inquiry should be "context specific," and should consider the timeliness of the defendant's acceptance of responsibility, including whether the government has been able to avoid preparing for trial and the court has been able to schedule its calendar efficiently. U.S.S.G. § 3E1.1, cmt. n.6. A defendant who has received the two-level reduction is entitled to the third level if the plea was sufficiently timely. See United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999). Indeed, "[t]he language of § 3E1.1(b)(2) is mandatory; when all of its conditions are

met, the court has no discretion to deny the extra one-level reduction." Id. (citations omitted).

Stacey argues he accepted responsibility and did so in a timely manner, thereby allowing the government to spare the expense of trial and the court to schedule its calendar efficiently. He contends the district court clearly erred in refusing to award the additional reduction. The government argues defense counsel failed to preserve the issue because no objection was raised until after the sentence was announced. Additionally, the government contends the overall sentence was reasonable.

Addressing the government's arguments first, "[p]reserving an issue is a matter of making a timely objection to the trial court and clearly stating the grounds for the objection, so that the trial court has an opportunity to prevent or correct the error in the first instance." United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (quoting United States v. Thornberg, 844 F.2d 573, 575 (8th Cir. 1988)). Here defense counsel objected immediately after the district court recited the sentence and called for objections. Counsel's objection asked for an explanation as to why the additional one-level reduction had been refused, and the court had ample time to prevent or correct any error. Thus, Stacey did not waive his objection.

Next, contrary to the government's argument, the overall reasonableness of the sentence is not the issue before this court. Rather, our focus is on the district court's Guideline calculations. A district court is required to properly calculate the applicable Guideline range. See, e.g., United States v. Rouillard, 474 F.3d 551, 554 (8th Cir. 2007). If the district court failed to properly evaluate the motion for an additional one-level reduction, its Guideline calculations were flawed.

In denying the government's motion, the district court stated it was doing so because of the "fleeing and the other matter."[1] It did not engage in a "content specific" discussion, i.e., it did not discuss the timeliness of Stacey's cooperation. Our cases hold the district court must determine whether a reduction for acceptance of responsibility is factually appropriate. Here the district court made no relevant findings for us to review. Thus, we vacate the sentence and remand for resentencing. On remand the district court should make "content specific" findings regarding the one-level acceptance of responsibility reduction under § 3E1.1(b).

III

We vacate and remand for further proceedings consistent with this opinion.

_____

---

[1]Stacey's brief mischaracterizes the § 3C1.2 reckless endangerment enhancement as an obstruction enhancement. If the enhancement had been for obstruction of justice, Stacey would have to show extraordinary circumstances to qualify for any acceptance of responsibility reduction. See United States v. Nguyen, 339 F.3d 688, 689-90 (8th Cir. 2003). The extraordinary circumstances standard does not, however, apply.