# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 18, 2009     Decided November 10, 2009

No. 07-3130

UNITED STATES OF AMERICA,
APPELLEE

v.

DELONTA A. REEVES,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 06cr00114-01)

*Joseph R. Conte*, appointed by the court, argued the cause and filed the brief for appellant.

*April E. Fearnley*, Assistant U.S. Attorney, argued the cause for appellee.  With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, Assistant U.S. Attorney.

Before: ROGERS, TATEL and BROWN, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* BROWN.

Opinion concurring in part filed by *Circuit Judge* ROGERS.

BROWN, *Circuit Judge*: Delonta Reeves challenges the district court's decision to impose a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines (U.S.S.G. or Guidelines) § 3C1.1 and its refusal to grant a third level of reduction for acceptance of responsibility under § 3E1.1(b). Reeves also argues he was deprived of the effective assistance of counsel. We affirm.

I

These are the relevant facts. In March 2006, Reeves was charged with unlawfully possessing cocaine base and intending to distribute it. After he was released on his own recognizance, the government dismissed the charges on April 27, but they were reinstated, along with other charges, by a grand jury indictment on May 2. The district court set a June 5 arraignment date for the new charges. The Clerk's Office issued a "Criminal Notice"—which was sent to Reeves and his counsel—specifying the time, date, and location of the arraignment and directing counsel to make sure Reeves would be present. On June 5, Reeves did not appear. Counsel said he had spoken with Reeves and informed him of the arraignment, but did not know where he was. The court issued a bench warrant.

Nothing was heard from Reeves until he was arrested for another narcotics offense eleven months later. The bench warrant was executed and Reeves was returned to the district court on May 21, 2007, and arraigned on the charges from the May 2, 2006 indictment.

On August 24, 2007, Reeves pled guilty to count two of the indictment, unlawful possession with intent to distribute five grams or more of cocaine base. The plea agreement obligated the government not to seek any increase in Reeves' offense level based on conduct that occurred prior to the execution of the agreement; and to recommend reduction of Reeves' offense level by two levels, under U.S.S.G. § 3E1.1(a), and by an additional third level, under § 3E1.1(b), for acceptance of responsibility. The agreement made clear "the Court is not bound by . . . the parties' determination of the applicable Guidelines range, or other sentencing issues."

At sentencing, the district court accepted, without objection, the facts set forth in the presentence report (PSR) as its findings of fact, *see* Fed. R. Crim. P. 32(i)(3)(A), including the recitation of Reeves' failure to appear at his arraignment and being "a fugitive for approximately 11 months."[1] Based on this conduct, the district court increased Reeves' offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1. Nonetheless, because Reeves had promptly pled guilty after being re-arrested, the court reduced Reeves' offense level by two levels for acceptance of responsibility under § 3E1.1(a). Finally, the government moved for an additional third level of reduction for acceptance of responsibility under § 3E1.1(b). The court denied this request, ruling that Reeves' acceptance of responsibility was insufficiently timely "in light of his almost one-year fugitive status after he failed to appear for a proceeding before this court." The court calculated the resulting Guidelines range to be seventy-eight to ninety-seven

---

[1] The PSR was filed under seal. Insofar as we refer to information derived from the PSR, it is unsealed to the limited extent referenced in this opinion, although the full document shall remain physically withheld from public review. *See United States v. Parnell*, 524 F.3d 166, 167 n.1 (2d Cir. 2008) (per curiam).

months, and imposed a sentence of seventy-eight months' imprisonment and forty-eight months' supervised release.

## II

Reeves challenges the district court's Guidelines calculation. He points out that while he was out on his own recognizance, the criminal complaint against him was dismissed. Although he subsequently was indicted by a grand jury and was set to be arraigned on those new charges, he argues he never was under a court order to appear at this arraignment and therefore could not have obstructed justice within the meaning of U.S.S.G. § 3C1.1. For the same reason, he argues he deserved the third level of reduction for acceptance of responsibility under § 3E1.1(b). Lastly, Reeves argues his counsel was ineffective because he failed to inform the court that the initial criminal complaint had been dismissed and that Reeves had not been under a court order to appear at his arraignment.

We review only for plain error because in the district court, Reeves challenged the court's Guidelines calculation solely on the basis of his plea agreement, arguing the enhancement for obstruction of justice was barred because the obstructive conduct occurred prior to the plea, not on the ground that the court had never ordered him to appear at his arraignment. *See In re Sealed Case*, 527 F.3d 188, 191–92 (D.C. Cir. 2008).

To establish plain error, the defendant must show, among other things, "a reasonable likelihood that the sentencing court's obvious errors affected his sentence." *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994). "The standard of 'reasonable likelihood' is somewhat more relaxed in the area of sentencing than it is for trial errors, since 'a resentencing is

nowhere near as costly or as chancy an event as a trial.'" *United States v. Gomez*, 431 F.3d 818, 823 (D.C. Cir. 2005) (quoting *Saro*, 24 F.3d at 288).

A

Reeves first argues the district court erroneously imposed a two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

"Obstructive conduct can vary widely in nature, degree of planning, and seriousness" and "the conduct to which this enhancement applies is not subject to precise definition." U.S.S.G. § 3C1.1 cmt. n.3; *see also Stinson v. United States*, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline").

An enhancement under § 3C1.1 "is only appropriate where the defendant acts with the intent to obstruct justice." *United States v. Henry*, 557 F.3d 642, 646 (D.C. Cir. 2009). Where conduct is "directly and inherently obstructive"—that is, where the defendant engages in "behavior that a rational person would expect to obstruct justice"—the court may infer

an intent to obstruct justice and need not make a separate finding of specific intent. *Id.* Reeves, having proffered no "evidence that he acted without any subjective motivation to obstruct justice," *id.*, places undue reliance on Application Note 4 in the Commentary, which provides a "non-exhaustive list of examples" of obstructive conduct, including "willfully failing to appear, *as ordered*, for a judicial proceeding." U.S.S.G. § 3C1.1 cmt. n.4(e) (emphasis added). He argues he could not have willfully obstructed justice because he was not under a court order to appear at his arraignment. We need not decide whether Reeves was, in fact, formally ordered to appear at his arraignment because although the violation of a court order would be sufficient, it is not necessary to find willful obstruction.

The district court was permitted to infer Reeves intended to obstruct justice if his conduct was "directly and inherently obstructive." *Henry*, 557 F.3d at 646. It was. Because no party objected, the court properly accepted the facts set forth in the PSR as its findings of fact pursuant to Fed. R. Crim. P. 32(i)(3)(A). The PSR stated, "Court records reflect that Reeves failed to appear for an arraignment hearing on June 5, 2006, resulting in the issuance of a Bench Warrant. On May 19, 2007, he was detained on a new offense . . . . Thus, Reeves was a fugitive for approximately 11 months." The court's docket sheet also reflected that Reeves failed to appear at his arraignment, *see Minute Entry* (Jun. 5, 2006), and that he was re-arrested and returned on the bench warrant eleven months later, *see Minute Entry* (May 21, 2007). Failing to appear at an arraignment, and remaining at large for nearly a year, is inherently obstructive because a rational person would expect such conduct to obstruct justice. *See Henry*, 557 F.3d at 646. Indeed, Reeves' conduct impeded the administration of justice by making it impossible for the government to prosecute him until the authorities expended

the time and resources necessary to re-arrest him. Thus, the court did not err—much less plainly err—by inferring Reeves acted willfully.

Finally, even if the district court had not been entitled to infer Reeves' obstructive intent from his conduct alone, the evidence nonetheless established he acted willfully. A defendant willfully fails to appear at a judicial proceeding when he has "knowledge of the requirements placed upon him by the court" and "conscious[ly] deci[des] to ignore its mandate." *United States v. Monroe*, 990 F.2d 1370, 1376 (D.C. Cir. 1993). On the date of the scheduled arraignment, Reeves' counsel stated he had spoken with Reeves and had informed him of the time and date of the arraignment. And the "Criminal Notice" issued by the Clerk's Office, announcing the time and date of the arraignment, indicates it was sent to Reeves. Reeves submitted no evidence, and made no argument, controverting this proof of his knowledge. Thus, regardless of whether Reeves was under a court order to appear at his arraignment, he acted willfully by failing to appear and remaining at large until being re-arrested eleven months later.[2]

---

[2] The concurrence misreads *Monroe*, claiming "*Monroe* requires more" than a defendant's conscious decision not to appear at a judicial proceeding he knows he must attend in order to establish willful obstruction. Conc. op. at 2. Not so. In *Monroe*, we referred favorably to *United States v. Teta*, 918 F.2d 1329 (7th Cir. 1990), and *United States v. Perry*, 908 F.2d 56 (6th Cir. 1990). We noted that Teta's "failure to appear [at his arraignment] was willful, 'because he knew the requirements and yet voluntarily and intentionally failed to appear.'" *Monroe*, 990 F.2d at 1376 (quoting *Teta*, 918 F.2d at 1334). We noted that Perry's decision to "disobey[] an explicit instruction" from the court to keep an appointment "was 'enough' to find an obstruction of justice." *Id.* (quoting *Perry*, 908 F.2d at 59). But because Monroe had not received notice of her arraignment until the day after the hearing

B

Reeves next argues the district court erroneously declined to grant a third level of reduction for acceptance of responsibility. U.S.S.G. § 3E1.1 provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

Although the timeliness of a defendant's acceptance of responsibility "is a consideration under both subsections," generally, "the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case." U.S.S.G. § 3E1.1(b) cmt. n.6. This is because a reduction under subsection (b) is only warranted where the defendant has "notified authorities of his intention to enter a

took place, we held her "failure to appear cannot . . . be labelled 'willful,' as she could not have ignored a mandate that she had not received." *Id.* Here, because Reeves did receive and ignore the court's mandate, his failure to appear was intentional and may properly be labeled "willful."

plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." *Id.* Ultimately, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the district court's determination "is entitled to great deference on review." *Id.* n.5.

The district court reasoned that a two-level reduction under subsection (a) was warranted because "[o]nce he ended his fugitive status . . . [Reeves] very promptly and clearly demonstrated an acceptance of responsibility."[3] But the court held it would be inappropriate to grant an additional one-level reduction under subsection (b) because "in light of his almost one-year fugitive status after he failed to appear for a proceeding before this court," his acceptance of responsibility was insufficiently timely. The court explained that Reeves' obstructive conduct caused "an expenditure of funds and effort" by the government "to apprehend the defendant and to start the process again." Reeves challenges this conclusion on the same ground he challenges the enhancement for obstruction of justice. He argues the district court should have ignored the eleven-month period in which he was a fugitive because, during that time, he was not under a court order to appear. As discussed above, the district court

---

[3] The Commentary instructs, "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be *extraordinary* cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 cmt. n.4 (emphasis added). Neither party has challenged the district court's conclusion that this was an "extraordinary" case in which an enhancement under § 3C1.1 could coexist with a reduction under § 3E1.1. Thus, we express no view on the soundness of the court's conclusion.

properly held Reeves willfully obstructed justice; thus, the court did not plainly err in concluding that Reeves' acceptance of responsibility, which did not occur until after he was re-arrested for another crime, was insufficiently timely to warrant a reduction under subsection (b).

Finally, a word of caution about what we do *not* hold. Prior to 2003, the decision whether to grant a third level of reduction under § 3E1.1(b) was vested solely in the judiciary. *See* U.S.S.G. § 3E1.1(b) (2003). The passage of the PROTECT Act in 2003 amended the guideline by making the application of subsection (b) depend on the government filing a motion requesting the reduction. *See* Pub. L. No. 108-21, § 401(g)(1)(A). Here, both parties have assumed that even after the government moved for the reduction, the district court retained discretion to deny it. This issue appears to have divided those circuits that have considered it. *Compare United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009) ("Subsection (b) confers an entitlement *on the government*: if it wants to give the defendant additional credit for acceptance of responsibility . . . it can file a motion and the defendant *will* get the additional one-level reduction in his offense level.") (emphasis in original), *with United States v. Stacey*, 531 F.3d 565, 567 (8th Cir. 2008) ("When determining if a third level of reduction is warranted [under subsection (b)], the court's inquiry should be 'context specific,' and should consider the timeliness of the defendant's acceptance of responsibility."), *and United States v. Sloley*, 464 F.3d 355, 360 (2d Cir. 2006) ("[U]nder the new version [of § 3E1.1(b)] both the court and the government must be satisfied that the acceptance of responsibility is genuine."). Because Reeves has not argued the district court lacked discretion to deny the reduction even after the government moved for it, we do not address the issue or resolve it. *See Doe v. District of Columbia*, 93 F.3d 861,

875 n.14 (D.C. Cir. 1996) (per curiam) (argument not raised on appeal is waived).

C

Finally, Reeves argues his counsel was constitutionally ineffective because he failed to inform the district court that the initial criminal complaint against Reeves had been dismissed and that Reeves had not been under a court order to appear at his arraignment. To prevail on a claim of ineffective assistance of counsel, "[t]he defendant bears the burden of proving that his lawyer made errors 'so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment' and that counsel's deficient performance was prejudicial." *United States v. Geraldo*, 271 F.3d 1112, 1116 (D.C. Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In this circuit, when an appellant makes an ineffective assistance of counsel claim for the first time on appeal, we generally remand for a fact-finding hearing, at which the district court can explore whether alleged episodes of substandard representation reflect the trial counsel's informed tactical choice or a decision undertaken out of ignorance of the relevant law." *United States v. Mouling*, 557 F.3d 658, 668–69 (D.C. Cir. 2009) (internal quotation marks omitted). There are "two exceptions to this general practice: when the trial record alone conclusively shows that the defendant is entitled to no relief, and the rare exception when the trial record conclusively shows the contrary." *Id.* at 669 (internal quotation marks omitted).

The record conclusively shows defense counsel did not perform deficiently because any argument that Reeves did not act willfully merely because he had not been ordered by the court to appear at his arraignment would have been meritless.

The district court based its enhancement under U.S.S.G. § 3C1.1, not on a finding or assumption that Reeves had violated a court order, but on Reeves' "failure to appear and . . . fugitive status for close to one year." Because this conduct was inherently obstructive, the court was permitted to infer Reeves' willfulness, and therefore it would have been futile to argue Reeves lacked the subjective intent to obstruct justice based on the lack of a court order. In any event, such an argument would have been easily rejected. Willfulness under § 3C1.1 is established simply by showing the defendant had knowledge of his obligation to attend the judicial proceeding he missed. *See Monroe*, 990 F.2d at 1376. Here, not only did the evidence establish Reeves knew of his arraignment on June 5, 2006, but he has not even argued to the contrary. Thus, counsel did not perform deficiently in failing to make a meritless argument; and, likewise, the absence of such argument caused Reeves no prejudice. A remand is unnecessary.

## III

For the foregoing reasons, the district court's judgment and sentence are

*Affirmed.*

ROGERS, *Circuit Judge*, concurring in part: In *United States v. Henry*, 557 F.3d 642, 646 (D.C. Cir. 2009), the court held with regard to the enhancement of a sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1, that:

> [A]lthough a court ordinarily may rely on the willing commission of conduct that, objectively viewed, tends to obstruct justice, such an objective standard serves only as a proxy of the actual subjective intent required by the Guideline.   Where conduct is directly and inherently obstructive, the court may infer an intent to obstruct justice. But where the evidence shows such a proxy is not reliable and the defendant did not have the required intent, an enhancement is not warranted.

The court thus adhered to the longstanding holding of *United States v. Monroe*, 990 F.2d 1370 (D.C. Cir. 1993), that the word "willful" in U.S.S.G. § 3C1.1 "'requires that the defendant consciously act with the purpose of obstructing justice.'" *Id.* at 1376 (quoting *United States v. Thompson*, 962 F.2d 1069, 1071 (D.C. Cir. 1992)).  In *Henry*, this court held that there was no need for a separate finding of intent to obstruct justice when a defendant engaged in conduct that is inherently obstructive — "that is, behavior that a rational person would expect to obstruct justice," 557 F.3d at 646 — at least where "no evidence is proffered to show non-obstructive intent," *id.* at 647.

Today the court holds that Reeves willfully obstructed justice in either of two ways.  First,  his failure to appear for his arraignment was conduct that is inherently obstructive; the conduct demonstrates willful obstruction in the absence of any showing by Reeves of non-obstructive intent. Op. at 5–7. In the alternative, Reeves possessed knowledge of the arraignment and failed to attend, thus meeting the *Monroe* standard that a defendant be aware of a court requirement and consciously act to ignore it. Op. at 7.  But, as this court recognized in *Henry*,

557 F.3d at 646, *Monroe* requires more. Reeves must not simply ignore the court's mandate, he must act "with the purpose of obstructing justice," *Monroe*, 990 F.2d at 1376 (internal quotation omitted).

There is no evidence of Reeves' obstructive intent other than the inference to be drawn from his inherently obstructive conduct. Yet, for its alternative holding, the court expressly disclaims reliance on the inherently obstructive conduct. *See* Op. 7. That alternative holding appears to find willful obstruction from knowledge alone, yet in *Henry* this court reiterated what *Monroe* made clear: "although this [court's precedent] has sometimes been interpreted as a signal that the specific intent to obstruct justice is not necessary under § 3C1.1 . . . such an interpretation is in tension with the Guidelines" and the requirement that "'the defendant consciously act with the purpose of obstructing justice.'" *Henry*, 557 F.3d at 647 (quoting *Monroe*, 990 F.2d at 1376). While that willfulness may be inferred from inherently obstructive conduct in the absence of non-obstructive intent, *see id.*, knowledge alone cannot provide the basis for a determination of the intention to "willfully obstruct" justice. Otherwise, without the inference of inherently obstructive conduct, every failure to appear for a known court appointment would nonetheless constitute an obstruction of justice under § 3C1.1, contrary to the requirements of that Guideline. *See Henry*, 557 F.3d at 647. Accordingly, I do not join the court's alternative holding, which, in any event, is dictum unnecessary to resolve this appeal.