**Gary HAMILTON, Appellant**

v.

**R. Alexander ACOSTA, Appellee**

**No. 16-5195**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: May 19, 2017

Gary Hamilton, Pro Se

Christopher Hair, Special Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

BEFORE: Henderson, Rogers, and Griffith, Circuit Judges

**JUDGMENT**

Per Curiam

Upon consideration of the record from the United States District Court for the District of Columbia and on the briefs filed by the parties, see Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j), the motion to appoint counsel, the motion for reconsideration of the court's order filed November 17, 2016, deferring consideration of the motion to appoint counsel, and the motion for miscellaneous relief, which is construed as a motion for leave to file the reply brief, it is

**ORDERED** that the motion for leave be granted. The Clerk is directed to file appellant's reply brief. It is

**FURTHER ORDERED** that the motion for reconsideration be denied. It is

**FURTHER ORDERED** that appellant's motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND AD-JUDGED** that the district court's order filed May 3, 2016, be affirmed. In dismissing the complaint for lack of subject matter jurisdiction, the district court appropriately relied on the jurisdiction-stripping provision of 5 U.S.C. § 8128(b), which provides that decisions allowing or denying claims under the Federal Employees Compensation Act (FECA) are "not subject to review by another official of the United States or by a court by mandamus or otherwise." Even if construed liberally, appellant's pro se complaint does not assert a colorable due process claim that could bring him within the implicit exception recognized in Lepre v. Dep't of Labor, 275 F.3d 59 (D.C. Cir. 2001). This court need not reach the question of whether Section 8128(b)(2) bars judicial review of a claimed violation by the Secretary of the Department of Labor of a clear statutory mandate because appellant's complaint fails to allege a facial violation of FECA. Lepre, 275 F.3d at 74. Finally, because appellant makes no mention of his breach of contract claims in his appellate brief, this court need not address that aspect of the district court's decision. See United States v. Reeves, 586 F.3d 20, 25 (D.C. Cir. 2009) (argument not raised on appeal is waived) (citing Doe v. Dist. of Columbia, 93 F.3d 861, 875 n.14 (D.C. Cir. 1996) (per curiam)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.