FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

NELSON GUTIERREZ-SIERRA, a/k/a
Nelson Gutierrez-Sina,

      Defendant - Appellant.

No. 12-1332
(D.C. No. 1:12-CR-00207-PAB-1)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

     In 2011, Nelson Gutierrez-Sierra was charged with illegal reentry and violation of

the terms of his supervised release. Mr. Gutierrez-Sierra was sentenced to 30 months of

imprisonment for the illegal reentry charge and 6 months of imprisonment for violating

the terms of his supervised release, to be served consecutively. In this direct appeal, Mr.

---

     [*] After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Gutierrez-Sierra appeals the consecutive nature of his sentences.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.  BACKGROUND

In 2009, Mr. Gutierrez-Sierra pled guilty to a felony charge of transporting illegal aliens for financial gain in the federal district court.  Mr. Gutierrez-Sierra was sentenced to eight months of incarceration and three years of supervised release.  He was deported to Mexico on September 22, 2009, after serving his sentence.  Shortly after he returned to Mexico, his nephew was kidnapped and ransomed.  Because he was worried about his family's safety in Mexico, he decided to illegally reenter the United States.

In October 2011, Mr. Gutierrez-Sierra was stopped for a traffic violation in Colorado, pled guilty, and was sentenced to 25 days in jail.  He pled guilty to illegal reentry after deportation subsequent to an aggravated felony conviction.  The advisory United States Sentencing Guidelines (the "Guidelines") range was imprisonment for 46 to 57 months, but the district court granted his motion for a variance and ordered that Mr. Gutierrez-Sierra be imprisoned for 30 months.

The Government, upon learning that Mr. Gutierrez-Sierra had reentered the United States, filed a petition to revoke his supervised release.  The Guidelines range for violating supervised release was 6 to 12 months of incarceration.  The district court sentenced him to six months of imprisonment and determined that the two sentences

should be served consecutively because the violation of supervised release was a serious and separate crime worthy of a separate sanction.

On August 27, 2012, Mr. Gutierrez-Sierra filed a timely notice of appeal.

## II. **DISCUSSION**

Mr. Gutierrez-Sierra challenges the district court's order that his 30-month sentence and six-month sentence be served consecutively, not concurrently. He argues that the consecutive nature of his sentences renders them substantively unreasonable.

### A. *Standard of Review*

District courts have the discretion to impose either concurrent or consecutive sentences. 18 U.S.C. § 3584(a). When making this determination, the district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012). This includes the decision whether to impose consecutive or concurrent sentences. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254 (10th Cir. 2006). We find no abuse of discretion "unless [the sentence] is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008).

When a defendant is sentenced within a properly calculated Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (quotations omitted). Mr. Gutierrez-Sierra

has provided no support for his assertion that this presumption applies only to the length of a sentence and not whether sentences are consecutive or concurrent.  Moreover, even without the presumption of reasonableness, Mr. Gutierrez-Sierra has not demonstrated that the district court abused its discretion.

Although we generally review the consecutive nature of sentences for abuse of discretion, we have reviewed consecutive sentences imposed for immigration and supervised release violations under the "plainly unreasonable" standard.  *Rodriguez-Quintanilla*, 442 F.3d at 1256-57.  Abuse of discretion and plainly unreasonable are "quite similar" standards of review.  *Id.* at 1256.  Under either standard, we affirm.

## B.  *Substantive Unreasonableness*

Mr. Gutierrez-Sierra alleges that the consecutive sentence in this case is substantively unreasonable because the district judge "fail[ed] to account for the manifold factors that support concurrent sentencing."  Aplt. Br. at 12.  Mr. Gutierrez-Sierra does not argue that the district court failed to consider § 3553(a) factors, which would be a procedural unreasonableness challenge.  Instead, he argues that the district court weighed the factors incorrectly and came to the wrong conclusion, a substantive unreasonableness challenge.  He contends that the court put too much weight on the serious nature of the reentry charge and too little weight on the fact that he fled Mexico after his nephew was abducted.

Although a district court is required to consider the factors set forth in § 3553(a), we defer to and do not second-guess determinations of weight given to § 3553(a) factors.

-4-

*See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). As long as the district court considered the factors set forth in § 3553(a), "sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable." *Rodriguez-Quintanilla*, 442 F.3d at 1257.

The district court's weighing of the factors appears entirely appropriate and within "the realm of . . . rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). "[A]s a matter of policy, the Guidelines discourage courts from considering family ties and responsibilities in sentencing decisions." *United States v. Hildreth*, 485 F.3d 1120, 1129 (10th Cir. 2007). Therefore, although the court did not articulate all of the family circumstances that may have spurred Mr. Gutierrez-Sierra to violate his supervised release, it was not an abuse of discretion. Section 3553(a) requires courts to consider the need for the sentence "to reflect the seriousness of the offense." 18 U.S.C. §3553(a)(2). The record reflects that the district court did just that, stating in the hearing that the violation of supervised release was "a serious crime." ROA, Vol. II at 15.

Mr. Gutierrez-Sierra next argues that the district court should have considered that the Guidelines now counsel against the imposition of supervised release where the defendant will be deported after imprisonment. However, at the time Mr. Gutierrez-Sierra was sentenced to supervised release, the Guidelines had not been amended to include that provision. Even if his previous supervised release sentence were contrary to the Guideline recommendations, this still would not support the claim that his sentence

for violating his release is substantively unreasonable. Mr. Gutierrez-Sierra's 2009 supervised release was valid and binding, and the district court was acting well within the bounds of its discretion when it chose to sanction Mr. Gutierrez-Sierra's violation of that release.

Mr. Gutierrez-Sierra has failed to demonstrate that the district court's weighing of the § 3553(a) factors falls outside the realm of rationally available choices and was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Munoz-Nava*, 524 F.3d at 1146 (quotations omitted). We therefore see no reason to disturb the district court's order that Mr. Gutierrez-Sierra's sentences be served consecutively.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's order that Mr. Gutierrez-Sierra's sentences be served consecutively. We grant the Government's and Mr. Gutierrez-Sierra's motions to supplement the record on appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge