**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

IVAN WEBB,

     Defendant – Appellant.

No. 13-1132
(D.C. No. 1:08-CR-00376-REB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]
_____

While on supervised release for a prior offense, Defendant Ivan Webb pled guilty

to one count of being a felon in possession in violation of 18 U.S.C. § 922(g)(1) and

admitted violating the terms of his supervised release. The district court imposed a

within-guideline sentence of 36 months imprisonment for the § 922(g)(1) violation and a

below-guideline consecutive sentence of 12 months imprisonment for the supervised-

release violation. Defendant appeals only the substantive reasonableness of the sentence

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist the determination of this appeal. See Fed.
R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without
oral argument.

tied to his supervised release violation. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I.

In 2009, Defendant was sentenced to 30 months imprisonment and 36 months of supervised release for a firearm-related offense. In 2012, while on supervised release for that offense, Defendant pled guilty to one count of being a felon in possession, in violation of 18 U.S.C. § 922(g)(1). The Government then filed a petition to revoke Defendant's supervised release based on this new conviction, and Defendant admitted the conviction violated his supervised release. The district court addressed both the conviction and the revocation of supervised release at the same sentencing hearing.

At the hearing, Defendant sought to explain the "unfortunate circumstance[s]" that led to his possession of the gun. According to Defendant, two hours before he was arrested he was riding motorcycles with a friend when the friend "dumped his bike," injured himself, and called a cab to take him to the hospital. Before leaving in the cab, the friend told Defendant he had a gun that he could not bring to the hospital, and asked Defendant to bring the gun to the friend's girlfriend. The friend said if Defendant did not take the gun, he would hide it in a nearby bush. Defendant claimed he and his friend were near a school when this conversation took place, and he believed that if the gun were left near the school, "there would have been . . . a bad situation if [it were] found by a kid or somebody else." The Defendant clarified he was not making an excuse for his actions but believed he had chosen the lesser of two evils by taking the gun. The court did not make a finding as to whether or not it believed Defendant's explanation. The

court later told Defendant that "I listened to your explanation, but incredulously." However, it also stated Defendant's explanation "demonstrate[d] an abject lack of judgment" and "foolish[ness]." The parties ultimately agreed Defendant's guideline sentencing range for the § 922(g)(1) conviction was 30–37 months imprisonment. The court then imposed a within-guideline sentence of 36 months imprisonment for that conviction. Defendant does not appeal that sentence. Instead, Defendant appeals only the consecutive sentence imposed based on the revocation of his supervised release.

Defendant's revocation sentence was calculated as follows: Defendant's 2012 felon-in-possession conviction under § 922(g)(1) represents a Grade B violation. A Grade B violation combined with Defendant's criminal history category of VI resulted in a guideline imprisonment range of 21–27 months. See U.S.S.G. § 7B1.4(a). Because the conviction underlying Defendant's supervised release was a Class C felony, however, the sentence based on revocation of supervised release could not exceed 24 months. See 18 U.S.C. § 3583(e)(3). This resulted in an effective guideline revocation sentence of 21–24 months, see U.S.S.G. § 7B1.4(b)(3)(A), which the Guidelines advise run consecutive to Defendant's § 922(g)(1) conviction. See U.S.S.G. § 7B1.3(f). Despite § 7B1.3(f)'s recommendation, Defendant asked the court to run his revocation sentence concurrent to his § 922(g)(1) sentence, for a total sentence of 36 months imprisonment, or at least concurrent in part, for a total sentence of no more than 42 months imprisonment. Ultimately, the district court varied downward and imposed a below-guideline revocation sentence of 12 months imprisonment. However, "after considering carefully the provisions of 18 U.S.C. Section 3584(a) and (b), Section 3553(a)(1) through (7), and

guideline Section 7B1.3(f)," the court concluded the 12-month revocation sentence should run consecutive to Defendant's § 922(g)(1) sentence, for a total sentence of 48 months imprisonment.

## II.

Typically, we begin our review of a defendant's sentence "by considering the procedural reasonableness of the sentence imposed." United States v. Smart, 518 F.3d 800, 804 (10th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). As the Government points out, however, Defendant does not argue procedural error, nor does our reading of the record reveal any "significant procedural error." Gall, 552 U.S. at 51. Rather, Defendant argues only that his revocation sentence is substantively unreasonable because the district court imposed it to run consecutive, as opposed to concurrent or partially concurrent, to Defendant's 36-month sentence for his § 922(g)(1) conviction.

A district court has the discretion to impose consecutive or concurrent sentences. 18 U.S.C. §3584(a). We generally review the consecutive nature of sentences for abuse of discretion, but we have reviewed consecutive sentences imposed for supervised release violations under the "plainly unreasonable" standard. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256–57 (10th Cir. 2006). Under the abuse of discretion standard, we will uphold a sentence "unless it is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Munoz–Nava, 524 F.3d 1137, 1146 (10th Cir. 2008). Similarly, under the plainly unreasonable standard, "we will not reverse if [the sentence] can be determined from the record to have been reasoned and reasonable." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004) (quotation omitted). These

-4-

standards of review are "quite similar," Rodriguez–Quintanilla, 442 F.3d at 1257, and Defendant's claim fails under either.

Indeed, a below-guideline sentence is entitled to a rebuttable presumption of reasonableness. United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011); see also United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011) (presumption also applies "in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements"). Defendant must therefore rebut this presumption of reasonableness. Defendant's burden is particularly difficult given that we have held "sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable." Rodriguez-Quintanilla, 442 F.3d at 1257 (citing United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005)).

Nevertheless, Defendant says he can rebut this presumption. Defendant relies on a Sixth Circuit case which states "[a] sentence is substantively unreasonable if the district court . . . gives an unreasonable amount of weight to any pertinent factor." United States v. Baker, 559 F.3d 443, 448 (6th Cir. 2009) (quoting United States v. Conatser, 514 F.3d 508, 520 (6th Cir.2008)). He argues that a revocation sentence is intended to punish "primarily the defendant's breach of trust," U.S.S.G. ch. 7, pt. A, cmt. 3(b), whereas the district court, he claims, characterized the actions underlying his revocation as merely "foolish[]," and demonstrating "abject poor judgment," rather than a great breach of trust. Defendant argues that, as such, the district court "significantly overweighted the breach of trust in his revocation conduct, and so imposed a substantively unreasonable sentence." He admits his conduct constituted a breach of trust, but maintains that "the

-5-

breach of trust here was qualitatively different than the usual new-criminal-conduct violation." Defendant thus concludes a revocation sentence that results in a total sentence of no more than 42 months—*i.e.* in which no more than six months of his revocation sentence runs consecutive to the 36 months already imposed for the § 922(g)(1) conviction—"is the outer limit of what is substantively reasonable given the minor nature of [Defendant's] breach of trust."

First, Defendant's reliance on <u>Baker</u> is misplaced. We are not bound by Sixth Circuit precedent. And even if we were, the language in <u>Baker</u> on which Defendant relies finds its inception in <u>United States v. Webb</u>, 403 F.3d 373, 385 (6th Cir. 2005), which expressly "decline[d] to indicate what weight the district courts must give to the appropriate Guidelines range, or any other § 3553(a) factor . . . ." <u>Id.</u> at 385 n.9. Moreover, neither <u>Webb</u> nor <u>Baker</u> held that the district court below gave an unreasonable amount of weight to any pertinent factor, and Defendant cites no authority, let alone binding precedent, to show the district court here unreasonably "overweighted" the breach of trust inherent in Defendant's supervised release violation.

Second, as Defendant recognizes, a revocation sentence is intended to punish "primarily the defendant's breach of trust." U.S.S.G. ch. 7, pt. A, cmt. 3(b). And *Defendant admits he committed a breach of trust* by violating the terms of his supervised release. Moreover, to the extent Defendant argues the district court believed his explanation and therefore should have given a lighter sentence, the district court never found that it believed Defendant's explanation; indeed, the court stated that it listened to Defendant's explanation "incredulously," the adverbial form of "incredulous," which

-6-

means "unwilling to admit or accept what is offered as true." Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/incredulous (visited March 25, 2014). Even assuming the district court believed Defendant's explanation, it probably contributed to the court's decision to vary downward as to Defendant's revocation sentence. Defendant admits the district court did not explain why it chose to vary downward, but argues "the court appeared to count [his] lack of judgment *against* [him]." (emphasis in original). The record does not support this contention. If it were true, Defendant surely would have received a within-guideline revocation sentence toward the top of the guideline range as opposed to a sentence little more than half the bottom end of the guideline range. In any event, Defendant's hypotheses as to why the district court did not grant him the full downward variance he requested are not sufficient to rebut the presumed reasonableness of his sentence. Essentially, Defendant asks us to reweigh the circumstances underlying his revocation sentence more favorably than the district court did below. This we are not inclined to do. See Smart, 518 F.3d at 808 ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed]." (internal quotations omitted)).

Finally, we note that in United States v. Gutierrez-Sierra, 513 F. App'x 767, 769–70 (10th Cir. 2013) (unpublished), the defendant argued the district court, in running his revocation sentence consecutive to his underlying sentence, put too much weight on certain sentencing factors and too little weight on others and therefore imposed a

substantively unreasonable sentence.  In response, we stated, "Although a district court is required to consider the factors set forth in § 3553(a), we defer to and do not second-guess determinations of weight given to § 3553(a) factors."  Id. at 770 (citing Smart, 518 F.3d at 808).  We then held, "As long as the district court considered the factors set forth in § 3553(a), 'sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable.'"  Id. (quoting Rodriguez–Quintanilla, 442 F.3d at 1257).

> Here, after calculating the guideline range of 21–24 months, the court stated it had
>
> considered carefully the nature and circumstances of this new law violation, the history and characteristics of Mr. Webb, the need for the disposition to reflect the seriousness of the violation, to provide for just punishment, to promote respect for the law, to protect the public from further crimes, if any, committed by Mr. Webb, to provide adequate deterrence, and to avoid unwarranted dispositional disparities, and to sanction, punish, Mr. Webb, for this unexcused breach of trust.

R.O.A. Vol. III at 47.  The court therefore expressly considered the § 3553(a) factors, and U.S.S.G. §§ 7B1.3 and 1.4.  We understand that an unpublished opinion is not binding precedent, but we see no reason to contradict Gutierrez-Sierra in this case.   Nothing in the record shows Defendant's revocation sentence was either plainly unreasonable or an abuse of discretion.  Rather, Defendant is ultimately just dissatisfied with how the district court weighed his sentencing factors and the extent of its downward variance.

> AFFIRMED.

>                                                          Entered for the Court,
>
>
>                                                          Bobby R. Baldock
>                                                          United States Circuit Judge