FILED
United States Court of Appeals
Tenth Circuit

September 24, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

No. 13-1093

TYRE S. HAGGERTY,

      Defendant-Appellant.

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:12-CR-00284-RBJ-1)**

---

Submitted on the briefs:

John F. Walsh, United States Attorney, and J. Bishop Grewell, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

Robert G. Levitt, Denver, Colorado, for Defendant-Appellant.

---

Before **PORFILIO, ANDERSON**, and **BRORBY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

      Appellant Tyre S. Haggerty pled guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(B)(viii), and one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). He now appeals his seventy-two-month sentence, claiming it is procedurally unreasonable because the district court failed to consider the criteria in United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3E1.1(b) for a one-level reduction for acceptance of responsibility. The government supports the appeal on similar grounds. Both parties seek reversal and remand of the judgment, with directions for the district court to grant or deny the § 3E1.1(b) reduction based on its consideration of § 3E1.1(b) and its commentary. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and reverse and remand to the district court for resentencing.[1]

## I. Factual and Procedural Background

Mr. Haggerty's tumultuous criminal history as a teenager culminated in a felony drug conviction at the age of nineteen and a felony conviction for being a felon in possession of a firearm at the age of twenty-one, for which he spent most of 2003 to 2008 incarcerated.

On May 16, 2012, a fight erupted outside Mr. Haggerty's home, in which eight individuals got out of their vehicles and started an altercation with his

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

relatives, including a young female and her newborn baby. In response to her screams, Mr. Haggerty ran to his car, grabbed a pistol, and waved it around. As the instigators drove away, Mr. Haggerty gave chase. After law enforcement arrived on the scene and contacted Mr. Haggerty, they searched his vehicle, finding 15.3 grams of methamphetamine he admitted to possessing but which he claimed he picked up off the ground after one of the individuals he chased dropped it and that he took it for his own personal use, believing it was cocaine. Later, Mr. Haggerty again admitted to authorities he possessed the methamphetamine and that the amount he possessed constituted a distribution amount. He also admitted to purchasing and possessing the pistol involved in the incident.

On July 9, 2012, a two-count indictment issued, charging Mr. Haggerty with possession with intent to distribute a controlled substance and possession of a firearm by a previously convicted felon. On November 27, 2012, pursuant to a plea agreement, Mr. Haggerty pled guilty to both counts and admitted possessing the methamphetamine with the intent to distribute it. In exchange for his guilty plea, the government agreed to move for a one-level reduction under U.S.S.G. § 3E1.1(b) in calculating his sentence.

Following Mr. Haggerty's guilty plea, a probation officer prepared a presentence report using the 2012 Guidelines. In calculating his sentence, the probation officer noted the government's stipulation that it would move for a one-

level reduction under § 3E1.1(b) and, accordingly, applied the two-level and one-level offense reductions under U.S.S.G. § 3E1.1(a) and (b) for his acceptance of responsibility, which resulted in a total offense level of 24. Mr. Haggerty's total offense level of 24, together with his criminal history category of III, resulted in a Guidelines range of sixty-three to seventy-eight months imprisonment. As promised in the plea agreement, the government filed a motion for a one-level decrease in the offense level under § 3E1.1(b) on grounds Mr. Haggerty's timely notice and agreement to plead guilty allowed it to avoid preparing for trial and permitted both it and the court to allocate resources more efficiently.

At the sentencing hearing, the district court informed the parties it would apply a two-level reduction for acceptance of responsibility under § 3E1.1(a) but denied the motion for a one-level reduction under U.S.S.G. § 3E1.1(b). As grounds for denying the reduction, it explained:

> I believe that what the Sentencing Commission had in mind for acceptance of responsibility was a true and sincere acceptance of responsibility, not simply the fact that a defendant is willing to plead guilty.
> ... [T]he motion to grant the additional one-level decrease is based entirely on the fact that the defendant agreed to plead guilty, permitting the Government to avoid preparing for trial and permitting [it] and the court to allocate resources more efficiently.
> I will never agree that avoidance of trial is a more efficient or appropriate allocation of resources. On the contrary, I think trials are the way that our system wants us to resolve these cases and that they are a good thing, not a bad thing. I do not think that saving the Government the task of preparing for trial is a benefit that's entitled to any weight, nor do I think that saving the Court the trouble of presiding over a trial is a positive that is entitled to any credit at all.

It also stated its belief Mr. Haggerty did not take responsibility because he told the officers he picked up the methamphetamine off the ground, thereby pointing the finger of blame at others. Mr. Haggerty's counsel made a contemporaneous objection which the district court denied. After the district court granted a one-level reduction pursuant to U.S.S.G. § 2K2.1, it calculated the Guidelines range at sixty-three to seventy-eight months and sentenced Mr. Haggerty to seventy-two months imprisonment.

## II. Discussion

Mr. Haggerty now appeals his sentence, claiming it is procedurally unreasonable because the district court failed to consider the criteria under U.S.S.G. § 3E1.1(b) for a one-level reduction in the calculation of his total offense level. In making this argument, he contends the district court gave reasons for the denial which are factually incorrect and legally inconsistent with Guidelines § 3E1.1(b) and its commentary, including its determination Mr. Haggerty's plea lacked sufficient contrition and its own personal belief that guilty pleas should not result in lesser sentences. He points out a one-level reduction would result in a total offense level of 23 and a Guidelines range of fifty-seven to seventy-one months incarceration, which is below the seventy-two-month sentence he received. He also submits his sentence is substantively unreasonable due to this procedural error.

The government supports the defendant's appeal on similar grounds,

agreeing the district court relied on impermissible reasons to deny the one-level reduction. Both parties seek reversal and remand of the judgment, with directions for the district court to grant or deny the § 3E1.1(b) reduction based on a determination as to whether Mr. Haggerty's plea was sufficiently timely to save the court and the government resources. In asking for reversal and remand, the government acknowledges a split exists in circuit courts over whether a district court must grant a one-level reduction if certain conditions in Guidelines § 3E1.1(b) are met. However, it points out that even in circuits which have held the decision is discretionary, the district court's discretion is limited to deciding if the timeliness of the plea allows the court and government to save resources.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802-03, 805 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component ... as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. "Procedural reasonableness addresses whether the district court incorrectly calculated ... the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

The issue in this appeal is whether denial of the one-level reduction under § 3E1.1(b), which affected calculation of the Guidelines range, resulted in a

procedurally unreasonable sentence.  Subsection 3E1.1(a) allows a two-level decrease if "the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  In turn, § 3E1.1(b), on which both parties rely, states:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, *thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently*, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b) (emphasis added).  As the government points out, this subsection outlines three conditions for granting a one-level reduction, which it claims Mr. Haggerty met, including:  (1) he qualified for acceptance of responsibility under § 3E1.1(a) as determined by the district court; (2) he had an offense level, before the acceptance of responsibility reduction, of 16 or higher; and (3) the government filed a motion certifying he assisted authorities by timely notifying it of his intention to plead guilty.  With respect to the issue of the timeliness of his plea, Application Note 6 to § 3E1.1 states:

> The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is *context specific*.  In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case.  For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty *at a sufficiently early point in the process so that the government may avoid*

*preparing for trial and the court may schedule its calendar efficiently.*

Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) *may only be granted upon a formal motion by the Government at the time of sentencing.*[2]

U.S.S.G. § 3E1.1 cmt. n.6 (emphasis added).  While this application note places

the onus on the government to determine whether a defendant meets the relevant

criteria, another application note to § 3E1.1 states that "[t]he sentencing judge is

in a unique position to evaluate a defendant's acceptance of responsibility.  For

this reason, the determination of the sentencing judge is entitled to great

deference on review."  U.S.S.G. § 3E1.1 cmt. n.5.  As the government points out,

the United States Sentencing Commission, in an effort to clarify how the

government's § 3E1.1(b) motion and the district court's discretion should

interplay in application of the reduction, has proposed to Congress an amendment

to such commentary, effective November 1, 2013, which expressly provides

---

[2] Prior to 2003, the decision whether to grant a one-level reduction was vested in the judiciary under the first two criteria; however, passage of the PROTECT Act in 2003 amended the Guidelines, adding the third criterion, which makes the application of the reduction dependent on the government filing a motion.  *See United States v. Reeves*, 586 F.3d 20, 25-26 (D.C. Cir. 2009).  Prior to the Act's passage and issuance of *Booker*, which explains the Guidelines are merely advisory, many circuits held that the language in § 3E1.1(b) was mandatory, so that if the sentencing court found the two-fold criteria were met, the one-level reduction must be given.  *See United States v. Robertson*, 260 F.3d 500, 507 (6th Cir. 2001); *United States v. Townsend*, 73 F.3d 747, 755 (7th Cir. 1996); *United States v. Eyler*, 67 F.3d 1386, 1390 (9th Cir. 1995); *United States v. Talladino*, 38 F.3d 1255, 1264 (1st Cir. 1994).

sentencing courts discretion in applying a one-level reduction, stating:

> If the government file[s] such a motion, *and the court in deciding whether to grant the motion* also determines that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, the court *should* grant the motion.

78 Fed. Reg. 26425, 26431-32 (May 6, 2013) (emphasis added). *See also* 78 Fed. Reg. 51821-01 (Aug. 21, 2013) (providing technical changes to the proposed amendments and stating they will be effective November 1, 2013, "unless Congress acts to the contrary").

However, because this amendment has not yet become effective, we turn for instruction to case law treatment of the existing commentary. The Seventh Circuit has held subsection (b) confers an entitlement on the government and that "if it wants to give the defendant additional credit for acceptance of responsibility, perhaps to induce additional cooperation, and can satisfy the criteria in the subsection, it can file a motion and the defendant *will* get the additional one-level reduction in his offense level ...." *United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009). *See also United States v. Mount*, 675 F.3d 1052, 1057 (7th Cir. 2012) (holding one-level reduction is mandatory when three criteria in § 3E1.1(b) are met); *United States v. Divens*, 650 F.3d 343, 346 (4th Cir. 2011) (holding once government determines defendant has taken the steps specified in subsection (b), he is entitled to the one-level reduction).

In turn, as the government contends, other circuits have held the district court has discretion in determining if the reduction is warranted by considering whether the § 3E1.1(b) criteria are met, including the timeliness of the defendant's acceptance of responsibility and whether the government has been able to avoid preparing for trial and the court has been able to schedule its calendar efficiently. *See United States v. Williamson*, 598 F.3d 227, 230 (5th Cir. 2010) (holding both the government and the sentencing court must be satisfied the requisite criteria are met); *United States v. Stacey*, 531 F.3d 565, 567 (8th Cir. 2008) (ruling that once government motion is made, court's inquiry must be "context specific" as noted in the commentary to § 3E1.1(b)); *United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006) (explaining § 3E1.1(b) "is crafted and structured in a manner that divides the power to reduce a defendant's offense level for acceptance of responsibility between the sentencing court and the prosecutor").

As the government points out, these cases seemingly limit the district court's discretion to a determination of whether the § 3E1.1(b) criteria and its commentary requirements are met. *See Williamson*, 598 F.3d at 230; *Stacey*, 531 F.3d at 568.[3] This includes reversing and remanding for a determination on the

---

[3] Even the Seventh Circuit, which takes the position the government's motion mandates a reduction, allows the district court discretion to consider the other § 3E1.1(b) criteria when the government fails to file a motion. *See Deberry*, 576 F.3d at 711 (holding if government motion is not filed but other § 3E1.1(b) criteria are met the district court has broad discretion to ignore the

timeliness of the defendant's plea and/or cooperation. *See Stacey*, 531 F.3d at 568. While we have not discussed in detail the interplay between a government's motion and the sentencing court's discretion in applying § 3E1.1(b), we have remanded the issue of a § 3E1.1(b) reduction based on the district court's failure to consider whether the defendant acted in a timely manner, *see United States v. Marquez,* 337 F.3d 1203, 1211 (10th Cir. 2003), or its reliance on impermissible grounds on which to base a denial*, see United States v. Ortiz*, 63 F.3d 952, 955-56 (10th Cir. 1995).[4]

In this case, even if the one-level reduction is within the sentencing court's discretion, rather than mandatory on the government's motion, it is clear the district court did not base its denial of the government's motion on consideration of the specific criteria outlined in § 3E1.1(b) and its commentary, including the timeliness of Mr. Haggerty's guilty plea "so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.*"* U.S.S.G. § 3E1.1 cmt. n.6. Instead, it merely articulated its own personal belief a defendant should not be rewarded under § 3E1.1(b) for avoiding trial by pleading guilty and that trials are the better or intended way to resolve cases in our judicial

absence of the motion and use "the [other] criteria in subsection (b) ... to lower the defendant's sentence").

[4] We find these cases instructive even though both were decided prior to *Booker* and the PROTECT Act, which added the third criterion requiring a motion by the government in order to obtain a one-level reduction.

-11-

system.[5]

While the right to trial *is* a fundamental part of our judicial system, no trial was required in this situation because Mr. Haggerty elected, as is his prerogative, to plead guilty. The Supreme Court has held that "there is no *per se* rule against encouraging guilty pleas" and the government "may encourage a guilty plea by offering substantial benefits in return for the plea." *Corbitt v. New Jersey*, 439 U.S. 212, 218-19 (1978). It also recognizes a guilty plea may result in "the possibility or certainty ... of a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty." *Id.* at 219 (internal quotation marks omitted). "While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on [his] assertion of his trial rights, the imposition of these difficult choices is an inevitable–and permissible– attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Id.* at 220-21 (internal quotation marks omitted). As a result, the Supreme Court recognizes the government's "legitimate interest in encouraging the entry of guilty pleas and in facilitating plea bargaining," which is "a process mutually beneficial to both the defendant and the [Government]." *Id.* at 222. It

---

[5] The parties also point out the district court's other reason for denying the reduction, which it based on its belief Mr. Haggerty did not accept responsibility for his conduct, is also not a criterion listed under § 3E1.1(b). *See Eyler*, 67 F.3d at 1390 (holding that although § 3E1.1(b) is part of the acceptance of responsibility guideline, "the measure of a defendant's contrition is generally irrelevant to the § 3E1.1(b) inquiry"). We similarly leave this issue for consideration by the district court on remand.

further recognizes the courts' interest in saving scarce judicial resources. *See Brady v. United States*, 397 U.S. 742, 752 (1970).

Clearly, an intent to file a § 3E1.1(b) motion for a one-level reduction in sentencing is an incentive the government may offer a defendant who timely notifies it of his intention to enter a plea of guilty and from which the government benefits by not having to prepare for trial. Accordingly, we agree with the parties on appeal that a sentencing judge's personal view that one should not be rewarded with a lesser sentence for pleading guilty is an impermissible reason for denying a § 3E1.1(b) reduction and constitutes an abuse of discretion resulting in a procedurally unreasonable sentence.

Because the district court did not consider the § 3E1.1(b) criteria or its commentary, we reverse and remand the issue of the § 3E1.1(b) reduction to the district court for its consideration.[6] *See Ortiz*, 63 F.3d at 955-56. While the Guidelines are deemed advisory with their application generally left to the court's discretion, the Supreme Court has also held that "district courts, while not bound to apply the Guidelines, must ... take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). It has also held that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" in sentencing. *Gall v. United States*, 552

---

[6] Given our remand, we need not consider the substantive reasonableness of Mr. Haggerty's sentence.

U.S. 38, 49 (2007).

## III. Conclusion

Accordingly, we **REVERSE** and **REMAND** to the district court for resentencing consistent with this decision and our discussion herein.