FILED
United States Court of Appeals
Tenth Circuit

**June 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LIONEL MARIO CHARLEY,

    Defendant - Appellant.

No. 24-1265
(D.C. No. 1:23-CR-00061-GPG-JMC-1)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **HARTZ**, **KELLY**, and **CARSON**, Circuit Judges.[**]
———————————————————

When reviewing a defendant's sentence for substantive reasonableness, we defer to the district court's judgment when it does not exceed the bounds of permissible choice. Here, Defendant asserts, among other things, the district court unreasonably ignored certain sentencing factors in favor of others. But we do not reweigh the district court's balancing of the sentencing factors. The district court thoroughly weighed the sentencing factors Congress set forth in 18 U.S.C. § 3553(a),

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

reached a logical conclusion, and detailed its reasoning.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Defendant Lionel Charley approached a woman in an underground parking garage in Durango, Colorado and asked her for a ride to Farmington, New Mexico. The woman repeatedly told him "no."  Defendant ended up in the passenger seat of her car—Defendant claims by invitation.  The woman told him that she would take him only as far as Aztec, New Mexico.  The woman noticed an alcohol aroma on Defendant.  Defendant began talking to the woman, providing his name, and stating that he had "gotten into it with his woman."  He told her he was from Red Mesa, Arizona, and Defendant asked the woman to drive him there.  When she again told him that she would drive him as far as Aztec, Defendant became increasingly aggressive and turned his request into a demand.  Eventually, the woman pulled over and told Defendant that he needed to exit the vehicle.  Planning to take the car, Defendant then struck the woman in the head multiple times, and she tried to shield herself from his blows.  The government contends that Defendant used a rock to assault the woman, which Defendant denies.  The government contends that she grabbed the rock from Defendant's hands, released her seatbelt, and tried to get out of the car.  Defendant disputes that.  The government says the woman lost consciousness, but Defendant also disputes that.  The woman's car rolled down an embankment on the side of the road.  As she tried to escape, the government contends

2

that Defendant tried to prevent her from getting out. Defendant disputes that. The woman made it out of her car and crawled to the road. Defendant fled the scene.

The woman went to the hospital and doctors diagnosed her with a variety of injuries to her neck and head—including a concussion. She continued to have back pain, headaches, blurry vision, difficulty verbalizing thoughts, diminished memory, and scars on her face for many months after the assault.

Law enforcement eventually arrested Defendant and the government charged him with attempted carjacking resulting in serious bodily injury; assault with intent to commit a felony in Indian country; and assault resulting in serious bodily injury in Indian country. Defendant pleaded guilty to the first count and the government dismissed the other two.

Defendant objected to two enhancements at sentencing, but the district court overruled his objections. The district court's rulings resulted in Defendant having an offense level of 29, a criminal history category of I, and a Guideline-imprisonment range of 87 to 108 months. Defendant sought a downward variance, arguing that he had a tragic upbringing and that he had cognitive and psychological issues. The government sought a high-end sentence of 108 months.

When imposing its sentence, the district court stated that it kept in mind all of the factors set forth in 18 U.S.C. § 3553(a) and that his sentence would be sufficient but not greater than necessary to meet the statutory sentencing objectives. The district court opined that the presentence report undervalued Defendant's criminal history, which it found troubling, noting a propensity for violence, a diversion for a

3

third-degree assault, and a physical harassment conviction. The district court said that the victim "probably lived through this only through her own strength and courage by fighting back." It considered Defendant's upbringing, stating that it was tragic and terrible and led Defendant to being the person he is today. The district court crafted its sentence with an eye towards deterrence, explaining that people need to be deterred from this type of action. And it observed that since the time of the crime, Defendant acted problematically. The district court rejected the idea that Defendant, "because of his history and characteristics, is so fragile that if he's put in prison he's going to continue to engage in assaultive behavior so he has to . . . be let out so that he doesn't engage in assaultive behavior . . . in my mind defies logic." The district court said that offense-specific facts, community safety, and deterrence were compelling factors that supported a higher sentence. It varied upward twelve months, sentencing Defendant to 120 months' imprisonment.

Defendant appealed, arguing the district court imposed a substantively unreasonable sentence. He asserts the district court ignored relevant sentencing factors and facts and instead focused on Defendant's criminal history, deterrence, and the offense conduct. On appeal, Defendant contends the § 3553(a) factors, his cognitive deficits and psychological conditions, traumatic childhood, substance abuse, and positive contributions to his family demonstrate the unreasonableness of the sentence.

## II.

We review a sentence's substantive reasonable for abuse of discretion. United States v. Valdez, 128 F.4th 1314, 1317 (10th Cir. 2025) (citing United States v. Pena,

4

963 F.3d 1016, 1024 (10th Cir. 2020)).  In doing so, we "give 'substantial deference'
to the district court and will only overturn a sentence that is 'arbitrary, capricious,
whimsical, or manifestly unreasonable.'"  Id.  We don't just "rubber stamp" the
district court's decision.  Id.  Instead, we look to its "rationale, on aggregate," to
determine whether it justifies the sentence's magnitude.  Id.

"Substantive reasonableness involves whether the length of the sentence is
reasonable given all the circumstances of the case in light of the factors set forth in
18 U.S.C. § 3553(a)."  Id.  We "must consider the extent of the deviation and ensure
that the justification is sufficiently compelling to support the degree of the variance."
Id. (quoting Pena, 963 F.3d at 1028–29).  We further "give due deference to the
district court's decision that the 3553(a) factors, on a whole, justify the extent of the
variance."  Id. at 1318 (quoting Pena, 963 F.3d at 1029).

Defendant first argues that the district court exclusively relied on certain
sentencing factors while ignoring other relevant factors and facts.[1]  He objects to the
district court's assessment of the evidence that he would have killed the victim had

---

[1]  The government believes that some of Defendant's arguments challenge the
procedural reasonableness of his sentence, but that he waived them by failing to
object below, failing to argue for plain error on appeal, and failing to raise procedural
reasonableness as an issue in his opening brief.  To the extent that Defendant
contends the district court failed to consider, ignore, or disregard some of the
§ 3553(a) factors, the government is correct that those go to procedural error, and we
will not consider them in this substantive-reasonableness appeal.  United States v.
Sanchez-Leon, 764 F.3d 1248, 1268 n.15 (10th Cir. 2014).

she not fought back and that his criminal history showed a propensity for violence.[2]

He says that the presentence report did not undervalue his criminal history. And he

stresses that the district court "ignored in error" salient facts about his background.

Thus, in Defendant's view, the district court did not weigh all relevant factors and

evidence. And, according to Defendant, the factors that it did rely upon cannot

support the upward variance. Defendant posits that if we view his traumatic

upbringing, cognitive deficits, and resulting psychological conditions, we should

reach a conclusion different from the district court.

We disagree. Put simply, we defer to the district court's judgment when it

does not exceed the bounds of permissible choice. United States v. Sanchez-Leon,

764 F.3d 1248, 1267 (10th Cir. 2014) (citing United States v. Chavez, 723 F.3d 1226,

1233 (10th Cir. 2013)). And the district court did not exceed those bounds here.

The district court said it considered all of the § 3553(a) factors. The district

court expressly considered Defendant's tragic upbringing. The district court also

considered Defendant's psychological issues and said that was a reason to impose a

lengthier sentence of confinement. Defendant invites us to reweigh the district

---

    [2] To the extent Defendant's appeal challenges the district court's factual
findings, Defendant waived those challenges because he failed to raise developed
arguments as to how the district court erred, and because he appealed only the
sentence's substantive reasonableness. See United States v. McCrary, 43 F.4th 1239,
1244 (10th Cir. 2022) (explaining that procedural reasonableness concerns "whether
the district court incorrectly calculated . . . the Guidelines sentence, treated the
Guidelines as mandatory, failed to consider the § 3553(a) factors, *relied on clearly
erroneous facts*, or failed to adequately explain the sentence") (emphasis added)
(quoting United States v. Haggerty, 731 F.3d 1094, 1098 (10th Cir. 2013)).

court's balancing of the sentencing factors.  But we decline to do so because "reweighing the factors is beyond the ambit of our review."  United States v. Lawless, 979 F.3d 849, 856 (10th Cir. 2020) (citing United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008)).  We have repeatedly held that the district court "need not afford equal weight to each of the factors."  Sanchez-Leon, 764 F.3d at 1268 (citing Smart, 518 F.3d at 808).  "[I]t is enough that the district court thoroughly weighed [the] § 3553(a) factors, reached a logical conclusion, and detailed its reasoning."  Lawless, 979 F.3d at 856 (citing United States v. Barnes, 890 F.3d 910, 916 (10th Cir. 2018)).

Defendant also argues that the district court unreasonably relied on the offense conduct to justify the variance because the Guideline's enhancement for injuries and use of a weapon already accounted for the court's concerns.  But "[u]nder current precedent, district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range."  United States v. Gross, 44 F.4th 1298, 1304 (10th Cir. 2022) (quoting Barnes, 890 F.3d at 921).  The district court could permissibly consider the offense's particular facts, even if the Guidelines already accounted for those facts to some degree.

Finally, Defendant argues that because the court found that he was intoxicated at the time of the incident, that should have ameliorated concerns about deterrence and community safety.  The district court found that "as much as he may have been intoxicated," his offense "was a series of choices" and his "actions since then have

7

problematic." The court, within its discretion, could consider and factor in what sentence could "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

Given the district court's consideration of the § 3553(a) factors, including discussion of the crime's severity, the danger Defendant posed to the community, and the deterrence value of a longer sentence, the district court's upward variance to a sentence of 120 months' imprisonment was not arbitrary, capricious, whimsical, or manifestly unreasonable, and was within the range of rationally available sentencing choices for the district court to impose.

Entered for the Court

Joel M. Carson III
Circuit Judge